UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| JERRI JENKINS, Individually, and on behalf of all other similarly situated consumers,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>U.S. COLLECTIONS WEST,<br><br>　　　　Defendant. | ) Case No.:<br>)<br>)<br>)<br>) CLASS ACTION COMPLAINT<br>)<br>)<br>)<br>)<br>) |

Plaintiff Jerri Jenkins alleges:

## PRELIMINARY STATEMENT

1.	This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.	This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.	Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.	Plaintiff is a resident of Goodyear, Arizona and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is an Arizona corporation with its principal place of business located at 2320 W. Peoria Avenue, Ste. C116, Phoenix, Arizona 85029, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.     On a date better known by Defendant, Plaintiff incurred an obligation for rent on her living quarters.

7.     Rent is considered a "debt" as that term is used and defined under the FDCPA.

8.     In attempt to collect said debt, Defendant sent Plaintiff an initial dunning letter on December 20, 2016 seeking to collect said debt. Exhibit A.

9.     At one location in the letter, Defendant indicated they were seeking a balance of $3,166.14. Further in the letter, Defendant indicated it was seeking a "judgment balance" in the amount of $3,166.14 plus accruing interest. Stating the balance as one amount and later stating a different (higher) amount is contradictory and confusing to the consumer as to what amount is properly owing.

10.    Additionally, the dunning letter did not indicate or inform Plaintiff of any details about the interest. The letter did not include the rate of interest, how much interest might have already "accrued" or as of what date the payment would be considered satisfied in the event Plaintiff sent the total amount.  In other words, were Defendant to receive Plaintiff's payment of $3,166.14 on December 30, 2016, this amount would not satisfy

the obligation because the interest would have increased the debt from some unknown starting date until December 30, 2016. Yet, Defendant failed to inform Plaintiff of this fact.

11.     Numerous courts around the country have adopted the *Miller* safe harbor language to prevent this violation from continuing to occur, but the Defendant did not provide this safe harbor language within any of its letters. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872 (7th Cir. 2000).

12.     In addition, while the dunning letter did indicate that the communication was from a debt collector for the purpose of collecting a debt, it failed to inform Plaintiff of her right to dispute the validity of the debt within 30 days.

13.     Accordingly, Defendant's letter is false, deceptive, and misleading in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

14.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

15.     With respect to the Plaintiff's Class, this claim is brought on behalf of a class of:

> **Interest class:**  Within one year of filing of the instant complaint, all consumers with an Arizona address for whom Defendant sent a collection letter, in attempt to collect a consumer debt, which failed to properly inform the consumer of the current balance of the debt.

3

**Notice class:** Within one year of filing of the instant complaint, all consumers with an Arizona address to whom Defendant sent an initial collection letter, in attempt to collect a consumer debt, which failed to inform the consumer of his or her right to dispute the debt within 30 days.

16. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

17. Upon information and belief, Defendant has mailed hundreds of collection letters in attempt to collect a debt to hundreds of consumers throughout the State of Arizona, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's

conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

21. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is associated with experienced class action counsel and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class

members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant's collection letter failed to properly state the current balance of the debt and failed to adequately inform Plaintiff about interest accruing and how payment of the current balance would not satisfy the debt.  Accordingly, Defendant's collection letter violated 15 U.S.C. §§ 1692 e, e(2), e(10), and g(a)(1).

35. Further, by failing to inform Plaintiff of her right to dispute the validity of the debt within 30 days Defendant violated 15 U.S.C. §§ 1692g(a).

WHEREFORE, Plaintiff, Jerri Jenkins, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated: April 4, 2017

Respectfully Submitted,

/S/ John Prather
John Prather, Esq.
5864 N. 83rd Street
Scottsdale, AZ 85250
(480) 296-1507
johnprather1@cox.net